# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                        CASE NO. 4:10cr47-RH/WCS

JOCELYN TANNAZY JOHN,

    Defendant.

_____/

## ORDER DENYING THE MOTION TO DISMISS THE INDICTMENT OR TRANSFER VENUE AND DENYING THE MOTION FOR A BILL OF PARTICULARS

The indictment charges the defendant Jocelyn Tannazy John with making a false statement to FBI agents in violation of 18 U.S.C. § 1001(a). Ms. John has moved under Federal Rule of Criminal Procedure 12(b)(2) to dismiss the indictment for lack of venue. She says the allegedly false statement was made not in this district but in the Southern District of Florida. If the case is not *dismissed* for improper venue, Ms. John seeks a discretionary *transfer* of venue under Federal Rule of Criminal Procedure 21(b). And Ms. John has moved for a bill of particulars setting out the factual basis for the government's position that venue lies in this district.

The government has responded to the motions. The response—which

includes a proffer of the facts the government will rely on to establish venue—asserts that venue is proper here because the allegedly false statement related to and affected a criminal investigation that was proceeding in this district. The government also opposes the motion for a discretionary transfer under Rule 21(b). The motions have been fully briefed and orally argued.

## I. Venue

Venue is an "essential element of the government's proof at trial." *United States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010); *United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004). To establish venue, the government must show that the defendant committed the offense in the district where the case is prosecuted. *See* U.S. Const. amend. VI; Fed. R. Crim. P. 18. And for these purposes, an offense is "committed" in any district in which it "was begun, continued, or completed." 18 U.S.C. § 3237(a); *United States v. Cabrales*, 524 U.S. 1, 7, 118 S. Ct. 1772, 141 L. Ed. 2d 1 (1998); *United States v. Greene*, 862 F.2d 1512, 1515-16 (11th Cir. 1989) (holding that venue is proper in a false-statement case in a district where any part of the crime was committed); *United States v. Hernando Ospina*, 798 F.2d 1570, 1577 (11th Cir. 1986) (same).

When the offense is making a false statement in connection with an investigation pending in a different district, courts have said that venue is proper

not only in the district where the false statement was made, but also in the district where the investigation was pending. *See United States v. Salinas*, 373 F.3d 161, 167 (1st Cir. 2004); *United States v. Ringer*, 300 F.3d 788, 790-92 (7th Cir. 2002). *See also United States v. Muench*, 153 F.3d 1298 (11th Cir. 1998) (holding—in a prosecution of a Texas resident for failing to send child-support payments to a Texas court—that venue was proper in Florida, where the beneficiary ultimately would have received the funds); *United States v. Reed*, 773 F.2d 477, 482 (2d Cir. 1985) (holding—in a prosecution for perjury and obstruction of justice—that venue was proper in the district where the obstructed proceeding was pending, even though the unlawful acts occurred elsewhere) (cited with approval by the Eleventh Circuit in *Muench*, 153 F.3d at 1301).

Whether the government will be able to meet its burden of proving venue under the proper legal standards need not be determined at this time. The government's obligation is to establish venue *at trial*, not in response to a pretrial motion to dismiss. An indictment is sufficient if it alleges—as this one does—that the offense was committed in the district of prosecution; a dispute on that score cannot properly be resolved on a pretrial motion to dismiss. *See Snipes*, 611 F.3d at 865-66 (holding that venue was a question for trial because the indictment clearly alleged that the offense was committed in the district of prosecution);

*United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (same); *see also United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("Because [the defendant] was properly indicted, the government is entitled to present its evidence at trial and have its sufficiency tested by motion for acquittal."); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. . . . The sufficiency of a criminal indictment is determined from its face."). And this is so even if the facts relevant to venue are undisputed. *See Salman*, 378 F.3d at 1268 n.5; *Jensen*, 93 F.3d at 669.

This indictment alleges that the offense took place "in the Northern District of Florida, and elsewhere." ECF No. 1 at 1. If the allegation is true, venue lies in this district. The motion to dismiss for lack of venue thus must be denied.

## II. Discretionary Transfer

Under Rule 21(b), a district court has discretion to move a trial to another district "for the convenience of the parties and witnesses and in the interest of justice." Ms. John argues that transfer to the Southern District of Florida is appropriate because she and the witnesses she plans to call reside there. But the government's witnesses reside in this district. There is no basis in this record for a conclusion that the net overall convenience of the parties and witnesses would be served by transferring the case to the Southern District. And the interest of justice

will be served by proceeding to trial in this district as scheduled, thus avoiding unnecessary delay and the need for these attorneys to travel or new ones to be assigned.

### III.  Bill of Particulars

The government's proffer of facts in response to Ms. John's motions provides the information she asked for in a bill of particulars.  The request for a bill of particulars thus is moot, as she acknowledged at oral argument.

### IV.  Conclusion

For these reasons,

IT IS ORDERED:

1.  The motion to dismiss the indictment or to transfer venue, ECF No. 17, is DENIED.

2.  The motion for a bill of particulars, ECF No. 18, is DENIED AS MOOT.

SO ORDERED on October 6, 2010.

s/Robert L. Hinkle<br>
United States District Judge